**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| GORDON AND LINDA BOURGEOIS | CIVIL ACTION |
| VERSUS | No. 06-8037 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: I/2 |

<u>ORDER AND REASONS</u>

Before the Court is a motion to remand, filed on behalf of plaintiffs, Gordon Bourgeois and Linda Bourgeois.  Defendant in this matter is State Farm Fire and Casualty Company ("State Farm").  For the following reasons, plaintiffs' motion to remand is **GRANTED.**

*BACKGROUND*

Plaintiffs own a home located at 5109 Senac Drive, Metairie, Louisiana.[1]  Plaintiffs allege, "covered events, including but not limited to Hurricane Katrina," caused damage to their home on or about August 29, 2005.[2]  Plaintiffs had a homeowner's policy with defendant at the time of the hurricane and allege that defendant has failed to fully pay for covered damages and loss under the policy.[3]

On August 25, 2006, plaintiffs filed a lawsuit against defendant, State Farm, in the Twenty-Fourth Judicial District

---

[1] Rec. Doc. No. 1-2, p. 2.

[2] Rec. Doc. No. 1-2, p. 3.

[3] Rec. Doc. No. 1-2, p. 3.

Court for the Parish of Jefferson.[4]  Plaintiffs allege claims of

negligence, unfair claims practice, fraud, and misrepresentation

in defendant's failure to make full payment.[5]  Additionally,

plaintiffs allege defendant was professionally negligent in

failing to properly inform plaintiffs of available insurance

coverage.  Plaintiffs also seek unspecified damages, penalties,

attorney's fees, and costs.[6]

On October 13, 2006, defendant removed the case to this

Court, asserting jurisdiction under 28 U.S.C. §§ 1332, 1369, and

1441(e).[7]  Plaintiffs moved to remand on October 27, 2006.[8]

Plaintiffs argue that the amount in controversy requirement under

28 U.S.C. § 1332 has not been met and that there is no subject

matter jurisdiction in this case pursuant to the Multiparty,

Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. § 1369.[9]

### ANALYSIS

*A. Diversity Jurisdiction*

The plaintiffs' first contention is that the amount in

controversy does not exceed the $75,000, exclusive of interest

---

[4] Rec. Doc. No. 1-2.

[5] Rec. Doc. No. 1-2, p. 3.

[6] Rec. Doc. No. 1-2. p. 4.

[7] Rec. Doc. No. 1-1, p. 1.

[8] Rec. Doc. No. 5-1.

[9] Rec. Doc. No. 5-1, p. 1.

and costs, needed to satisfy diversity jurisdiction under 28

U.S.C. § 1332.[10]   The removing party bears the burden of showing

that federal jurisdiction exists and that removal was proper.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723

(5th Cir. 2002).

Defendant must prove by a preponderance of the evidence that

plaintiffs' claim exceeds the limit either "(1) by demonstrating

that it is 'facially apparent' that the claims are likely above

$75,000, or (2) 'by setting forth the *facts* in controversy-

preferably in the removal petition, but sometimes by affidavit-

that support a finding of the requisite amount.'"  *Luckett v.*

*Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) *(*quoting

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995)).  The Court must look at the claims as they existed at the

time of removal, and any ambiguities are strictly construed in

favor of remand.  *Manguno*, 276 F.3d at 723.  In considering

whether the defendant has met the preponderance standard, "it is

the value of the claim, not the value of the underlying policy,

that determines the amount in controversy." *Franklin v. State*

*Farm Ins. Co.*, No. 06-5858, 2006 WL 2925513, at *2 (E.D. La. Oct.

10, 2006)(Barbier, J.)(citing *Atkins v. Lexington Ins. Co.*, No.

---

[10] Rec. Doc. No. 5-2, p. 2.  Louisiana law states that a plaintiff's petition cannot contain a specific amount of monetary damages.  La. Code Civ. Proc. art. 893(A)(1); *Luckett v. Delta Airlines*, *Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  This prohibition does not apply to a suit on conventional obligations.  La. Code Civ. Proc. art. 893(B).

06-1254, 2006 WL 1968895 (E.D. La. July 12, 2006)(Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).  This is known as the "legal certainty test." *Id.*  It is "not a burden-shifting exercise." *Id.* at 1412.  The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit.  *De Aguilar*, 47 F.3d at 1412; *Franco v. Teasdale*, No. 06-2754, 2006 WL 2224743 (E.D. La. Aug. 1, 2006) (Africk, J.).

As previously stated, defendant must prove by a preponderance of the evidence that removal is appropriate. Defendant asserts that it is "facially apparent" from plaintiffs' complaint that they seek to recover more than $75,000.[11]  The Court disagrees.  Defendant asserts that, although plaintiffs have only been paid $12,349.03, the policy coverage limits are $159,076 for the dwelling and extension, $108,461 for contents,

---

[11]Rec. Doc. No. 7-1, p. 2.

plus actual loss of use coverage.[12]  Defendant alleges that "there is still over $75,000 in available coverage to plaintiffs."[13]

This case resembles *Atkins v. Lexington Insurance Co.*, a case where remand was found appropriate because the plaintiff's complaint did not assert that the plaintiff was pursuing the full value of the insurance policy, even though the insurance policy exceeded $75,000.  2006 WL 1968895, at *2 (E.D. La. July 12, 2006) (Vance, J.); *see also Franklin*, 2006 WL 2925513, at *2.  In *Atkins*, it was not facially apparent that plaintiff's claims exceeded $75,000, especially since there was an absence of any specific claims about the extent of damage to plaintiff's property.  2006 WL 1968895, at *2-3.

In this case, there are no specific claims about the extent of damage to plaintiffs' property and plaintiffs do not assert that they are pursuing the full value of their policy.  It is not facially apparent that plaintiffs' property damage exceeds $75,000 and defendant has provided no specific evidence to establish otherwise.

---

[12]Rec. Doc. No. 7-1, p. 3.

[13]Rec. Doc. No. 7-1, p. 3.  In their motion to remand, plaintiffs also "stipulate the amount in controversy does not exceed $75,000."  Rec. Doc. No. 5-2, p. 2.  As defendant asserts, this stipulation is not binding on the Court.  *See Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (Vance, J.).  In any event, the stipulation is irrelevant because the Court finds that defendant has failed to meet its burden to prove amount in controversy.

Plaintiffs also assert a claim of "professional negligence by failing to properly inform,"[14] and also assert that they are entitled to "all damages, penalties, interest, costs, attorney's fees and other damages as provided by the law."[15]  Yet, plaintiffs provide no detail with respect to the value of these claims and defendant has made no effort to quantify the potential value of these alleged damages.

In *Atkins*, the Court considered the fact that the plaintiff claimed penalties and attorney's fees, but found the addition of those claims would not suffice to satisfy the amount in controversy.  This Court concurs with *Atkins* as to the unspecified damages and attorney's fees in this case.  Moreover, the value of plaintiffs' "professional negligence" claim is not facially apparent and defendant has offered no evidence on this point.  Defendant has failed to prove by a preponderance of the evidence that plaintiffs' lawsuit satisfies the amount in controversy requirement.  Therefore, there is no jurisdiction pursuant to Section 1332.

---

[14]Rec. Doc. No. 1-2, p. 4.

[15]Rec. Doc. No. 1-2, p. 3.  Claims for attorney's fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.  *See, e.g.*, *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (Zainey, J.) (considering claims for penalties and attorney's fees pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).

*B. Jurisdiction under the MMTJA*

Defendants also argue that jurisdiction is proper pursuant to 28 U.S.C. §§ 1369(a) and 1441(e).[16]  Defendants cite one Louisiana district court case that exercised MMTJA jurisdiction in the context of Hurricane Katrina insurance litigation. *Chehardy v. La. Ins. Comm., et. al.*, No. 3:05-CV-1140, Court File No. 188 (M.D. La. March 16, 2006).[17]

Courts in this district have overwhelming found that Hurricane Katrina does not constitute an accident for purposes of the MMTJA.  *See Fradella's Collision v. Lafayette Ins. Co.*, No. 06-7638, slip op. at 2 (E.D. La. Oct. 30, 2006) (Duval, J.); *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, No. 06-3511, 2006 U.S. Dist. LEXIS 75345, at *14 (E.D. La. Oct. 5, 2006) (Berrigan, C.J.); *Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 U.S. Dist. LEXIS 70499, at *8 (E.D. La. Sept. 19, 2006) (Zainey, J.); *S. Athletic Club, LLC* , 2006 U.S. Dist. LEXIS 66634, at *16; *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 U.S. Dist. LEXIS 58264, at *7 (E.D. La. Aug. 15, 2006) (Duval, J.).  In *Wood v. State Farm Fire & Cas. Co.*, No. 06-2570, 2006 U.S. Dist. LEXIS 77300, at *13 (E.D. La. Oct. 24, 2006) (Vance, J.), the Court specifically rejected State Farm's arguments that removal was

---

[16] Rec. Doc. No. 7-1, pp. 5-15.

[17] Rec. Doc. No. 7-1, p. 25.

warranted under Section 1441(e)(1)(B).

In previous decisions, this Court agreed with the reasoning

of its sister courts and ruled that Hurricane Katrina was not an

accident for purposes of the MMTJA.  *See Trosclair v. Security*

*Plan Life Insurance Co.*, No. 06-9220, slip op. (E.D. La. Nov. 6,

2006); *see also Yount v. Lafayette Ins. Co.,* No. 06-7382, slip

op. (E.D. La. Nov. 7, 2006).  The Court finds no basis on the

facts of this case to depart from its prior holdings or those of

other courts in this district.  Therefore, the Court finds that

it does not have subject matter jurisdiction over this case

pursuant to the MMTJA.[18]

   *C. Costs and Attorney's Fees*

In their memorandum in support of their motion to remand,

plaintiffs request attorney's fees and costs for defendant's

improper removal.[19]  The decision whether to award fees and costs

is discretionary.  *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.

1993).  "Absent unusual circumstances, courts may award

---

[18]The Court notes that defendant seems to argue in its opposition to
plaintiffs' motion to remand that there also is jurisdiction under the
National Flood Insurance Act pursuant to 42 U.S.C. § 4072.  However, as
defendant acknowledges, there is no reference to flood insurance in
plaintiff's petition and "State Farm does not consider the Petition to be
making a claim regarding a flood policy."  Rec. Doc. No. 7-1, p. 16.  The
Court likewise finds that plaintiffs make no claim regarding the handling of a
flood insurance policy and, therefore, there is no basis for jurisdiction
under 42 U.S.C. § 4072.  *See, e.g.*, *Seruntine v. State Farm Fire & Cas. Co.*,
444 F. Supp. 2d 698, 701 (E.D. La. 2006) (Vance, J.) (discussing jurisdiction
under 42 U.S.C. § 4072).

[19]Rec. Doc. No. 5-2, p. 4.

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ---U.S. ----, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  This Court exercises its discretion not to grant plaintiffs' request for attorney's fees and costs.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that plaintiffs' motion to remand[20] is **GRANTED,** and the case is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, November____16th____, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[20]Rec. Doc. No. 5.